22435. GIBSON *v.* GAINES, administrator.

STEPHENS, J. 1. Although a foreign will (such as a will made by a resident of the State of Alabama in accordance with the laws of that State), which has been admitted to probate in the State where the testator lived at the time of his death, may be probated in this State by the "production of an exemplification of the probate proceedings" (Civil Code 1910, § 3875), the probate in this State is a nullity as respects real estate in this State, where the will was attested by only two witnesses, and not by three witnesses as required by the laws of this State. Civil Code (1910), § 3873. An administrator with the will annexed of such a foreign will, which has been probated in this State as indicated, can not by virtue of such probate administer on real estate in this State, and where he probates such foreign will in a court of ordinary in this State, in the manner indicated above, as required by section 3875 of the Civil Code of 1910, and at the same time makes application for leave to sell, for the purpose of paying debts, real estate located in this State, it is a valid objection to such order of sale interposed by an heir at law of the testator that the probate of the will in this State is a nullity because it was not executed in accordance with the laws of this

State. See in this connection *League* v. *Churchill,* 164 *Ga.* 36 (137 S. E. 632).

2. The court erred in overruling the objections and granting the administrator leave to sell the land.

*Judgment reversed. Jenkins, P. J., and Sutton, J., concur.*

DECIDED FEBRUARY 15, 1933.

*George H. Perry,* for plaintiff in error. *James W. Harris,* contra.

